**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 22 CV 3354 |
| v. | ) | |
| | ) | Judge Ronald A. Guzmán |
| JON GILES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Jon Giles's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [1] is dismissed, and his motion for appointment of counsel [4] is denied. The Court declines to issue a certificate of appealability. Civil case terminated.

**DISCUSSION**

Jon Giles filed a motion for relief under 28 U.S.C. § 2255. Under § 2255, a federal prisoner may move a district court to vacate, set aside, or correct a sentence that was "imposed in violation of the Constitution or laws of the United States, or . . . was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Before permitting a § 2255 motion to proceed, the court must conduct a preliminary review pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Under Rule 4(b), "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule Governing § 2255 Proceedings 4(b); *see also* 28 U.S.C. § 2255(b) (a court may deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show" that the defendant is entitled to no relief).

Giles was convicted of bank robbery by force or violence, in violation of 18 U.S.C. § 2113(a) and (d), and use of a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). He was sentenced to a total term of 30 years' imprisonment but was given credit for time served on a state sentence such that his sentence was effectively 19 years' imprisonment; it also ran concurrent to the remainder of his state sentence. The Seventh Circuit affirmed Giles's convictions on August 15, 2019, and the mandate issued on September 6, 2019. Giles did not file a petition for a writ of certiorari, nor did he file a motion for postconviction relief under 28 U.S.C. § 2255 within the one-year time limitation that generally runs from the date on which the judgment of conviction becomes final. On June 7, 2022, Giles filed a § 2255 motion invoking § 2255(f)(3), which restarts the limitations clock for motions premised on a right newly recognized by the

Supreme Court and "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3); *Franklin v. Keyes*, 30 F.4th 634, 640 (7th Cir. 2022).

Giles asks the Court to vacate his § 924(c) conviction and his sentence on the ground that the underlying predicate offense, bank robbery, does not qualify as a "crime of violence." He relies on *Borden v. United States*, 141 S. Ct. 1817 (June 10, 2021), which involved a defendant whose sentence was enhanced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The Supreme Court concluded in *Borden* that a prior conviction for a crime that can be committed with a *mens rea* of mere recklessness cannot count as a predicate "violent felony" under the elements clause of the ACCA since it does not require, as the ACCA does, the "active employment" of force against another person. 141 S. Ct. at 1834. Giles was sentenced under § 924(c) and the career-offender enhancement in the Sentencing Guidelines, U.S.S.G. § 4B1.1, not the ACCA, but "[s]imilar language" is found in the elements clauses of § 924(c), the career-offender enhancement, and the ACCA, and "courts' interpretations of the clauses generally have been interchangeable." *United States v. Campbell*, 865 F.3d 853, 856 (7th Cir. 2017). The Court will assume without deciding that the ruling in *Borden* applies not just to the ACCA, but also to the elements clauses of § 924(c) and the career-offender guideline enhancement.

The threshold issue is *Borden*'s retroactivity. In support of his argument that it applies retroactively on collateral review, Giles cites dicta in an Eleventh Circuit concurring opinion in *In re Watkins*, No. 21-12943-C, 2021 U.S. App. LEXIS 27760, at *11-13 (11th Cir. Sept. 15, 2021). That concurrence, however, does not bind this Court, and neither the Supreme Court nor the Seventh Circuit has yet determined that *Borden* applies retroactively. Aside from simply citing the *Watkins* concurrence, Giles fails to present or develop any argument for the retroactive application of *Borden* on collateral review.

In any event, even if the Court assumes for the sake of argument that *Borden* applies retroactively, it would not provide a basis for relief here. The elements clause of § 924(c) defines the term "crime of violence" as "an offense that is a felony and (A) has as an element the use, attempted use, or threatened use of physical force against the person . . . of another." 18 U.S.C. § 924(c)(3)(A). Giles was convicted of violating 18 U.S.C. § 2113(a) and (d), which prohibit bank robbery "by force and violence, or by intimidation." He maintains that "intimidation" can be accomplished recklessly, so a violation of § 2113(a) is not a crime of violence for purposes of § 924(c)'s elements clause under *Borden*. But federal bank robbery committed in violation of § 2113(a) continues to be a crime of violence even after *Borden*. Contrary to Giles's contention, the offense requires more than recklessness and therefore meets *Borden*'s *mens rea* requirement. The Seventh Circuit has repeatedly held that bank robbery, even by intimidation, is categorically a crime of violence under the relevant elements clause. *See Campbell*, 865 F.3d at 856 (intimidation as an element of bank robbery under § 2113(a) is "caused by an intentional threat of force"); *United States v. Williams*, 864 F.3d 826, 829 (7th Cir. 2017) (even though bank robbery in violation of § 2113(a) is a general-intent crime, to secure a conviction the government "[s]till . . . must prove that the defendant acted intentionally in a way that would cause a reasonable person to be intimidated, i.e., to fear that resistance or defiance may be met with force"); *United States v. Armour*, 840 F.3d 904, 909 (7th Cir. 2016) (addressing § 2113(a) and (d)). Giles essentially rehashes the argument the Seventh Circuit expressly rejected in *Campbell* and *Williams* that § 2113(a) "does not require that the robber *intend* to intimidate the victim or bank teller, and thus

that the crime could not be a crime of violence," 865 F.3d at 856. *Borden* does not help Giles because "taking money by force, violence or intimidation involves a higher degree of culpability than accidental, negligent, or reckless conduct." *United States v. Mitchell*, No. 15-CR-47, 2015 WL 7283132, at *3 (E.D. Wis. Nov. 17, 2015); *Cirino v. Marske*, No. 20-CV-939-JDP, 2021 WL 3403674, at *1 (W.D. Wis. Aug. 4, 2021) ("[C]ourts have rejected the argument that reckless behavior could violate the federal armed bank robbery statute."); *see also United States v. Vesey*, 966 F.3d 694, 699 (7th Cir. 2020) (discussing *Campbell* and explaining that "[t]he defendant's conviction for bank robbery by intimidation was a 'purposeful, violent, and aggressive crime' despite the fact that it was a general intent crime") (internal punctuation modified).

Giles's second argument, that his attorney was ineffective for conceding that his 1997 Illinois conviction for aggravated battery qualified as a predicate violent felony for the career-offender enhancement, likewise would fail.[1] "A defendant qualifies as a career offender if (i) he was at least eighteen when he committed the offense of conviction; (ii) the offense of conviction is a felony that is . . . a crime of violence . . . ; and (iii) the defendant has at least two prior felony convictions for a crime of violence . . . ." *United States v. Campbell*, 37 F.4th 1345, 2022 WL 2302133, at *2 (7th Cir. June 27, 2022) (citing U.S.S.G. § 4B1.1(a)). For purposes of the enhancement and in pertinent part, "crime of violence" means "any offense under federal or state law, punishable by imprisonment for a term exceeding one year" that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). The Illinois aggravated-battery statute, 720 ILCS 5/12-4 at the time, is divisible, meaning that it describes two offenses, but it is undisputed that Giles was convicted under the prong of the statute that required the causing of great bodily harm, 720 ILCS 5/12-4(a). That prong categorically defines a crime of violence. *E.g.*, *United States v. Cunningham*, 15 F.4th 818, 821-22 (7th Cir. 2021). Furthermore, because the offense required intentional or knowing conduct, its use as a predicate crime of violence does not run afoul of *Borden*.

Accordingly, Giles's § 2255 motion is dismissed, and his motion for appointment of counsel is denied. A § 2255 proceeding is an independent civil suit for which there is no constitutional right to the appointment of counsel. *Rauter v. United States*, 871 F.2d 693, 695 (7th Cir. 1989). The Court has discretion to appoint counsel for financially eligible persons in a § 2255 matter when it "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2). Giles does not attempt to demonstrate his financial eligibility or that he tried to find counsel on his own to assist him. But even if he had made these showings, the interests of justice do not warrant the provision of an attorney because it is plain from Giles's motion and the record that he is not entitled to the relief he seeks.

---

[1] Although Giles cites *Borden* in support of this ground (in what appears to be an afterthought), it is not a true *Borden* argument. Giles makes no assertion regarding the *mens rea* required by the Illinois aggravated-battery statute. Rather, citing *Mathis v. United States*, 579 U.S. 500 (2016), Giles contends that counsel was ineffective for failing to argue that the statute covers more than violent conduct and is thus an improper predicate felony. Therefore, this ground is likely time-barred. Nevertheless, for purposes of discussion, the Court will accept Giles's framing of the issue as arising under *Borden.*

3

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the movant. The Court declines to issue a certificate of appealability. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Giles has not shown that reasonable jurists would find it debatable "whether the petition states a valid claim of the denial of a constitutional right" and "whether [this Court] was correct in its procedural ruling," or, as to the Court's alternative holdings, would find this Court's assessment of the constitutional claims "debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**DATE:** July 15, 2022

**Hon. Ronald A. Guzmán**
**United States District Judge**